**Electronically Filed
Intermediate Court of Appeals
CAAP-26-0000328
16-JUN-2026
08:12 AM
Dkt. 13 ODSLJ**

NO. CAAP-26-0000328

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

G.B., Plaintiff-Appellee,
v.
J.B., Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1DV201007550)

ORDER DISMISSING APPEAL
(By: Nakasone, Chief Judge, Wadsworth and Gluck, JJ.)

Upon review of the record, it appears that self-represented Defendant-Appellant J.B. (**J.B.**) appeals from the following orders entered in the Family Court of the First Circuit:

1. an October 10, 2025 "Order Denying in Part Defendant's Motion for Discovery, Filed September 19, 2025 [Dkt. 332]" (**10/10/25 Order**), entered at docket 401;

2. a March 12, 2026 *proposed* "Hearing Scheduling Order" (**3/12/26 Proposed Order**), entered at docket 651;

3. an April 21, 2026 "Order Denying Defendant's Motion for Reconsideration or New Trial Filed March 24, 2026 [Dkt. 683]" (**4/21/26 Order**),[1] entered at docket 720; and

4. a May 8, 2026 "Order Denying [J.B.]'s Motion and Declaration for Post-Decree Relief, Filed 03/17/26 (Dkt. 657)" (**5/8/26 Order**), entered at docket 787.

"An appellate court has an independent obligation to ensure jurisdiction over each case and to dismiss the appeal sua sponte if a jurisdictional defect exists." In re Doe, 107 Hawaiʻi 12, 15, 108 P.3d 966, 969 (2005) (citation, ellipses, and quotation marks omitted). We address each Order in turn.

1. **10/10/25 Order:** The time to appeal from the 10/10/25 Order expired on November 10, 2025. Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(1). The record does not reflect that the time to appeal was tolled under HRAP Rules 4(a)(3) or (4). Therefore, the appeal is untimely as to the 10/10/25 Order.

2. **3/12/26 Proposed Order:** The 3/12/26 Proposed Order was not entered by the Family Court, and is therefore not an order from which an appeal may be made. Hawaiʻi Revised Statutes §§ 571-54 (2018) and 641-1 (2016).

---

[1] J.B. identified multiple motions and orders in her April 13, 2026 notice of appeal. As the motions identified are not themselves appealable, we liberally construe the notice of appeal as seeking to appeal from the respective orders resolving the identified motions. See Erum v. Llego, 147 Hawaiʻi 368, 391, 465 P.3d 815, 838 (2020) ("[T]he pleadings of pro se litigants should be liberally interpreted in order to promote access to justice.").

3. **4/21/26 Order:**  The 4/21/26 Order was entered after the appeal was filed, and the record indicates a decision on the merits of the motion it resolves was <u>not</u> previously announced.  As the appeal was prematurely filed before announcement of a decision, the premature appeal exception does not apply.  <u>See</u> HRAP Rule 4(a)(2) ("If a notice of appeal is filed **after announcement of a decision** but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal." (Emphasis added)).  Thus, the court lacks jurisdiction over the 4/21/26 Order.

4. **5/8/26 Order:**  The 5/8/26 Order was likewise entered after the appeal was filed.  The Family Court orally denied the motion the 5/8/26 Order resolves on April 29, 2026, after the appeal was filed.  As the appeal was prematurely filed before announcement of a decision, the premature appeal exception in HRAP Rule 4(a)(2) does not apply.  Thus, the court lacks jurisdiction over the 5/8/26 Order.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED that all pending motions are dismissed.

DATED:  Honolulu, Hawai'i, June 16, 2026.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Daniel M. Gluck
Associate Judge